UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LORI LUCAS,
a resident and citizen of Canada

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

       Defendant.
_____/

## **COMPLAINT**

Plaintiff, LORI LUCAS , a citizen and resident of Canada, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

### **JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in an amount exceeding seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2. The Plaintiff is sui juris and is a resident and citizen of Canada.

3. The Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 (a) (2) based on diversity of citizenship between the parties. The Plaintiff is a citizen and resident of Canada, the Defendant is a citizen of Liberia and Florida for jurisdictional purposes, and the claim is for an

Lucas vs. Royal Caribbean Cruises Ltd.

amount exceeding the minimum jurisdictional amount of $75,000.00.

5.     At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.     At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.     In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this Court.

8.     Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9.     The Plaintiff has timely complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship and timely submitted a passenger injury report.

## LIABILITY AND DAMAGE ALLEGATIONS

10.     At all material times, including the accident date of March 9th 2018, the Plaintiff was a fare paying passenger of the Defendant lawfully present aboard the M/S "HARMONY OF THE SEAS", a passenger vessel operated by the Defendant.

11.     At all material times, the Defendant as operator of the M/S HARMONY OF THE

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Lucas vs. Royal Caribbean Cruises Ltd.

SEAS owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

12. On March 9th 2018, the Plaintiff boarded the M/S HARMONY OF THE SEAS as a fare paying passenger. The Defendant installed an ice skating rink on deck 4 onboard the M/S HARMONY OF THE SEAS as it had on 10 of its other ships to promote and to attract more passengers, such as the plaintiff. The ice skating rink is open and available for all passengers to use during its hours of operation. The Defendant provides the rink, helmets, and skates for no additional charges.

13. At all material times, Defendant owed a duty, to all passengers including the Plaintiff, to exercise reasonable care to construct, install, operate, maintain, regulate and monitor its ice skating rinks in a in a reasonably safe condition.

14. At all material times before the Plaintiff was injured as alleged above, Defendant knew or should have known of the dangers created by its failure to have a written operational plan and to utilize that plan for the safe operation of its ice skating rink facilities.

15. To fulfill its duty to provide a reasonably safe ice skating experience to invitees/passengers, the Defendant should have included adequate measures by: **1)** having a highly visible and published list of written rules for skaters, **2)** having a sufficient number of **RINK GUARDS**[1] to monitor and to enforce skate rules, *such as no skating backwards* (the skater who struck the Plaintiff causing her to fall was skating backwards at the time he struck

---

[1] "The Rink Guard (also referred to as the Skate Guard or Ice Monitor) **is one of the most important positions in the ice arena**. In recent years, this position has evolved into one that **encompasses safety**, entertainment, customer service and education." *see* "Training Manual for Rink Guards" copyrighted in 2016 and published by the ISI **Ice Sports Industry** *[emphasis supplied]*

Lucas vs. Royal Caribbean Cruises Ltd.

her), **3)** having allotted segregated times for skaters of different skill levels, **4)** having a numeric skater quota for the rink to limit the numbers of skaters on rink at any one time (subject rink was smaller than conventional skating rinks), **5)** having only one directional skating, **6)** having a separate entrance and exit to the rink, 7) not allowing hot dogging/horse play/pushing or shoving, 8) allowing no playing tag, 9) allowing no racing/fast skating, 10) allowing no acrobatics, 11) only allowing 2 person holding hands, and 12) providing adequate training and instruction for inexperienced skaters to act in a careful manner to avoid injury to themselves and others.

16. Before the Plaintiff was injured the Defendant operated at least 11 ice skating rinks on its ships and knew or should have known of the safety hazard presented by allowing unsupervised, unregulated skaters of different skill sets and abilities to skate on its rinks without enforcing reasonable rules of conduct through rink guards to protect its skaters/passengers from serious bodily injury as set forth in the preceding paragraph. The defendant failed to exercise such reasonable care and was thereby negligent.

17. As a direct and proximate result of one or more of the negligent acts described above, the Plaintiff was struck by a backwards skating skater and was very seriously injured in and about her body and extremities sustaining among other injuries displaced, comminuted spiral fractures of her tibia and fibula and a severely comminuted ankle fracture; and suffered pain; sustained mental anguish; disfigurement; disability; and the inability to lead a normal life. Moreover, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses in the past and will incur future medical and related expenses as a result of her injuries. These injuries are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Lucas vs. Royal Caribbean Cruises Ltd.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 8th day of March 2019.

        **s/NICHOLAS I. GERSON**
        PHILIP M. GERSON
        Florida Bar No. 127290
        pgerson@gslawusa.com
        filing@gslawusa.com
        cbenedi@gslawusa.com
        NICHOLAS I. GERSON
        Florida Bar No. 0020899
        ngerson@gslawusa.com
        EDWARD S. SCHWARTZ
        Florida Bar No. 346721
        eschwartz@gslawusa.com
        DAVID L. MARKEL
        Florida Bar No. 78306
        dmarkel@gslawusa.com
        GERSON & SCHWARTZ, P.A.
        Attorneys for Plaintiffs
        1980 Coral Way
        Miami, Florida 33145
        Telephone: (305) 371-6000
        Facsimile: (305) 371-5749