United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lori Lucas, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-20914-Civ-Scola |
| ) | **In Admiralty** |
| Royal Caribbean Cruises, LTD., ) | |
| Defendant. ) | |

## Order Denying Motion for New Trial

Plaintiff Lori Lucas, through this admiralty personal-injury action, sought damages from Defendant Royal Caribbean Cruises, LTD., for injuries she sustained when she fell while ice skating aboard the *Harmony of the Seas* in 2018. Lucas complained Royal Caribbean was negligent in allowing another passenger to collide with her, while he skated backward, causing her to fall and seriously fracture her tibia and fibula. She set forth three counts in her complaint: (1) negligent supervision of the ice rink; (2) negligent failure to enforce safety policies; and (3) negligent failure to train crewmembers. (Am. Compl., ECF No 6.) The Court held a three-day, non-jury trial in May 2020, via videoconference. Finding in favor of Royal Caribbean, the Court entered a verdict and order, immediately following the trial. (Verdict and Order, ECF No. 100.) The next day, the Court entered a final judgment, reflecting the verdict. (ECF No. 102.) Lucas now requests a new trial on four grounds: (1) the Court applied an unwarranted inference that, even if Royal Caribbean had warned the other passenger not to skate backward, he would not have necessarily heeded the warning; (2) the Court improperly disregarded evidentiary stipulations between the parties and Royal Caribbean's discovery admissions regarding the mechanism of Lucas's injury; (3) the Court overlooked Royal Caribbean's policies against both skating backward and against a rink's prevailing traffic; and (4) the Court erred by not admitting thirty-two other similar, prior incidents into evidence. (Pl.'s Mot., ECF No. 106.) Royal Caribbean responded to Lucas's motion, countering that each of Lucas's claims of error are either mistaken or immaterial to the Court's verdict. (Def.'s Resp., ECF No. 109.) Lucas thereafter timely replied. (ECF No. 114.) After careful review, the Court agrees with Royal Caribbean and **denies** Lucas's request for a new trial. (**ECF No. 106**).

### 1. Legal Standard

Motions for a new trial are governed by Federal Rule of Civil Procedure 59(a) and may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for a new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" *Hurtado v. Raly Dev., Inc.*, No. 11–24476, 2013 WL 1786524, at *2 (S.D. Fla. Feb. 1, 2013) (Altonaga, J.) (quoting *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940)). "[W]hen considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence." *Ard v. Sw. Forest Indus.,* 849 F.2d 517, 520 (11th Cir. 1988). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

### 2. Background

In its verdict and order, after trial, the Court set forth its findings of fact, as follows. At the time of Lucas's fall, Royal Caribbean did not prohibit backward skating. Further, allowing backward skating during recreational skating sessions did not fall below industry standards. Lucas's fall was caused by contact between the left skate of an unidentified adult male skater, who was skating backward, and Lucas's left skate, as she skated forward. The unidentified skater was traveling in the same direction as Lucas, although slightly faster. The Court concluded that the minimal contact between Lucas's skate and the unidentified skater's skate was more the result of Lucas's turning and extending her skate into the male skater's path than it was from his backward skating. A review of the video evidence showed the male skater's taking a path parallel to and safely wide of Lucas. Indeed, had the male skater been skating forward, the Court found, the result would have been the same.

Regardless, Lucas fell within two seconds of the male skater's turning around to skate backward. Even if crewmembers had wanted to, this would not have allowed time for them to stop the male skater or warn him not to skate backward, before he came into contact with Lucas. Further, no evidence was presented that, had the male skater been told previously not to skate backward, he would have, in any event, heeded the warning.

Based on its findings of fact, the Court found Royal Caribbean did not breach the duty of care it owed to Lucas: industry standards do not require rinks to prohibit backward skating and Royal Caribbean was not on notice that it should have had a policy prohibiting skating backward. Additionally, even if Royal Caribbean should have had such a policy, Lucas did not present evidence showing that, had a crewmember warned the male skater not to skate backward, he would then later have refrained from doing do so. In other words, Lucas did not establish facts showing that the crewmembers' failure to admonish the male skater was the proximate cause of her injuries.

### 3. Analysis

Lucas requests a new trial on four grounds: (1) the Court applied an "unwarranted inference" that, even if Royal Caribbean had warned the other passenger not to skate backward, he would not have necessarily heeded the warning; (2) the Court disregarded purported evidentiary stipulations between the parties and Royal Caribbean's discovery admissions that Lucas had done nothing wrong; (3) the Court overlooked Royal Caribbean's policies against both skating against traffic and skating backward; and (4) the Court erred by not admitting thirty-two other similar, prior incidents into evidence. As set forth below, Lucas's arguments are unavailing.

Lucas's <u>first argument</u> rests on her underlying contention that, had the crewmembers assigned to the ice rink been doing their jobs properly, they would have recognized that, for the two minutes and forty seconds prior to her fall, the unidentified male skater was skating unsafely. And, had they noticed him skating unsafely, they would have had "ample time to . . . intervene at least with a warning." (Pl.'s Mot. 5.) According to Lucas, this failure was the proximate cause of her fall.

There are two problems with Lucas's position here. To begin with, she failed to establish at trial that Royal Caribbean either had or should have had a policy against backward skating. Therefore, the crewmembers had no duty to admonish the male skater to stop skating backward. Second, even if there should have been such a policy, Lucas provides no facts to support her cursory conclusion that warning the male skater not to skate backward would have stopped him from thereafter skating backward for the rest of the skate session. Lucas's contention that it is not her burden to present facts showing proximate causation is wholly without merit. Her complaints with respect to the difficulties of "produc[ing] evidence regarding the subjective motivations and responses of an individual who was never identified, located, or deposed, even though [Royal Caribbean] had records of its passengers['] attending the All Skate session . . . as well as video depicting the skater" are telling—but not for the reasons Lucas

surmises. (Pl.'s Mot. at 7.) Instead, these grievances reveal a basic misapprehension regarding a plaintiff's burden to, first, allege facts which would establish her claim and then, second, to submit evidence that proves the facts upon which she relies. Without the male skater's testimony, it is nearly impossible for Lucas to show proximate cause. Perhaps expert testimony could have helped, but none was proffered on this point. But, regardless of how difficult it was for Lucas to prove her theory of her case, the burden to do so remained hers. These difficulties do not, as Lucas urges, realign the parties' respective burdens in this case; instead, they shine a spotlight on the weaknesses of Lucas's case.

Lucas's second argument is equally meritless. Lucas complains the Court "appear[ed] to assess some fault on [her]" for the fall. Lucas complains this was error because (1) such a finding is contrary to the parties' pretrial stipulations and Royal Caribbean's discovery admissions; and (2) the Court deprived the parties of the opportunity to present evidence rebutting the finding. Both points miss the mark. First, the Court did not find Lucas at "fault" for the fall. Instead, the Court merely described what it viewed in videos, presented at trial, which showed the moments leading up to Lucas's fall. Based on the Court's own assessment of this evidence, it appeared Lucas's skate extended ever so slightly into the path of the backward skater as he began to pass her. The Court also noted that the "male skater was taking a path parallel to and safely wide of Lucas, and had he been skating forward at the time of her turning to the right, the result would have been the same." (Verdict and Order at 16.) This observation does not assign any negligence to Lucas; instead, it merely bolstered the Court's conclusion that Lucas failed to carry her burden of demonstrating that *Royal Caribbean's* negligence caused her fall.

Secondly, nothing about the Court's finding regarding the mechanism of Lucas's fall conflicts with any stipulations or admissions, even as they are characterized by Lucas. Assuming, without deciding, Lucas properly described these stipulations and admissions—that "Lucas had done nothing wrong to contribute to her fall and resulting injury" (Pl.'s Mot. at 11)—Lucas's lack of fault is immaterial to the Court's assessment of, again, whether she presented evidence affirmatively establishing *Royal Caribbean's* negligence. As the Court explained in its order, the mere occurrence of an injury or a fall, no matter how significant or traumatic, does alone mean another party is necessarily liable for what happened.

Lucas's third argument is also wholly unavailing. She claims entitlement to a new trial because the videos shown at trial revealed the male skater's violating Royal Caribbean's policies as well as industry standards by both skating against traffic and skating backward. First, even though the male skater

was traveling backward, he was skating counterclockwise, in the same direction as Lucas and the other skaters. Lucas's contention that, "when a majority of skaters on a rink are skating forward in one direction, backwards skating will also involve skating against traffic" (Pl.'s Mot. at 15) is nonsensical. A backward skater, traveling in the same direction as skaters facing forward, is no more skating "against traffic" than a backward skater, traveling in the opposite direction, against prevailing traffic, would be considered to be skating "with traffic." Second, based on its assessment of the evidence, the Court expressly found backward skating is neither prohibited by Royal Caribbean's policies nor in violation of industry standards. Nothing in Lucas's motion shows that this conclusion was against the great weight of evidence.

Finally, Lucas's <u>fourth argument</u> misses the mark as well. She complains the Court improperly excluded thirty-two prior, similar incidents of passengers' being injured while skating. None of these prior incidents, however, were, as required, substantially similar to the incident at issue in this case. Although all thirty-two incidents involved skating injuries, which had occurred during the three years before Lucas's fall, only one incident involved backward skating. That incident, though, involved only one person, who fell of his own accord, colliding with no one. Conversely, Lucas's contention, throughout this litigation, has been that another person, skating backward and colliding with her, caused her injuries. The Court did not err, then, in excluding the thirty-two prior incidents, none of which involved a backward skater coming into contact with a second skater.

### 4. Conclusion

Lucas has not even come close to presenting any viable argument supporting her request for a new trial. Accordingly, without difficulty, the Court **denies** her motion (**ECF No. 106**).

**Done and ordered** in Miami, Florida, on September 1, 2020.

Robert N. Scola, Jr.
United States District Judge