UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20914-CV-SCOLA/TORRES

LORI LUCAS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on Royal Caribbean Cruises Ltd.'s ("Defendant") motion for taxable costs against Lori Lucas ("Plaintiff). [D.E. 107]. Plaintiff responded in opposition to the motion on July 14, 2020 [D.E. 112] to which Defendant replied to on July 20, 2020 [D.E. 114]. Therefore, the motion is ripe for disposition.[1] After careful review of the motion and supporting record, the motion should be **GRANTED**.

### I.   BACKGROUND

Plaintiff brought this action against Defendant for its alleged negligence related to Plaintiff's ice-skating accident that occurred on Defendant's cruise ship.

---

[1] On July 20, 2020, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 115].

[D.E. 1, 6]. Ultimately, on June 1, 2020, the Court entered a verdict and order following a non-jury trial in favor of Defendant. [D.E. 100]. The next day, the Court entered final judgment in favor of Defendant against Plaintiff and directed the clerk of the court to close the case. [D.E. 102].[2] On June 30, 2020, Defendant timely filed the pending motion before us seeking an award of taxable costs as the prevailing party in the case. [D.E. 107]. The motion seeks a total of $10,507.35 in taxable costs under 28 U.S.C. § 1920.

## II.   APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id*. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id*.[3]

---

[2]   Plaintiff moved for a new trial [D.E. 106], but the Court denied such motion on September 1, 2020. [D.E. 116].

[3]   The following costs are permitted under 28 U.S.C. § 1920:
(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

2

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

Given the Court's verdict and the entry of judgment against Plaintiff, there can be no dispute that Defendant is the prevailing party in this action and entitled to recover taxable costs under section 1920. It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that Defendant conferred with Plaintiff under the Local Rules. As such, we need only consider whether Defendant's costs are recoverable under 28 U.S.C. § 1920.

Plaintiff only challenges Defendant's request for taxable costs related to two deposition transcripts – for deposing Defendant's corporate officers Mr. Ken Rush and

---

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Mr. Joseph Mujwit. Courts have held that deposition transcript costs are recoverable under 28 U.S.C. § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)). However, the deposition must have been necessary, and "[i]n determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620-21 (11th Cir. 2000)). And "[t]he burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken." *Id.* (citing *EEOC*, 213 F.3d at 621).

Here, Plaintiff requested the depositions of Mr. Rush and Mr. Mujwit but argues she was forced to depose the officers because she needed to know information regarding instructional ice-skating videos used by Defendant. In response, Defendant contends that this information could have been obtained through interrogatories or through solely deposing Mr. Rush as he quickly provided the information after only answering a few questions.

Plaintiff has failed to present any case law that rebuts the strong presumption that these costs should be awarded. Thus, because Plaintiff requested these depositions and could have obtained the information through more efficient means,

4

Plaintiff should reimburse Defendant for the deposition transcripts of Mr. Rush and Mr. Mujwit.

Moving to the remaining taxable costs requested by Defendant, we have reviewed the descriptions of the costs requested and the supporting documentation, from which we independently find that they are reasonable and fall within the limited scope of recoverable costs included in section 1920. They are, therefore, taxable as a matter of federal law. Specifically, most of the costs requested in the motion were for depositions taken in the case and reasonably necessary to defend against Plaintiff's claims. The copying costs included in the application were reasonable in this case given the claims raised and the discovery disputes that ensued. In addition, Defendant's request for service of process costs do not do not exceed the statutory fees authorized in section 1921. *See EEOC,* 213 F.3d at 623.

We conclude that Defendant's motion for taxable costs should be **GRANTED** with a total award of $10,507.35 in taxable costs.

## IV. CONCLUSION

For these reasons, **RECOMMEND** that Defendant's motion for taxable costs [D.E. 107] be **GRANTED** and that Defendant be awarded $10,507.35 in taxable costs.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the

5

District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of September, 2020.

> */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge